## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMELO GUZMAN DIAZ,**<br><br>  **Plaintiff,**<br><br>  vs.<br><br>**KING OIL CORP; NELSON SANTIAGO D/B/A/ KING OIL; AMERICAN INTERNATIONAL INSURANCE COMPANY, XYZ INSURANCE COMPANIES; ABC Joint Tortfeasors and Their Respective Insurance Companies,**<br><br>  **Defendants** | **CIVIL NO. 06-1956 (ADC)**<br><br>**TORT CLAIM FOR DAMAGES; NEGLIGENCE UNDER 31 P. R. Laws Ann. §§ 5141, 5142**<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

**APPEARS NOW** the Plaintiff in this action, through the undersigned attorneys, and respectfully states, alleges and demands judgment as follows:

### JURISDICTIONAL BASIS AND VENUE

1.   Jurisdiction in this case arises under 28 U.S.C. § 1332 (diversity jurisdiction).

2.   Diversity jurisdiction is established as Plaintiff is domiciled in New York while Defendants are domiciled, incorporated and/or have a principal place of business in Puerto Rico or a state other than New York; and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

3.   Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391 since the events or omissions giving rise to this claim occurred in this district.

## THE PARTIES

4.  Plaintiff CARMELO GUZMAN DIAZ (hereinafter "Carmelo"), is currently domiciled and a citizen of the state of New York, and has been for the past thirty-eight (38) years.

5.  Defendant AMERICAN INTERNATIONAL INSURANCE COMPANY (hereinafter "AIICO"), is the insurance carrier for Nelson Santiago d/b/a King Oil and/or King Oil Corp.; is organized and with principal place of business in Puerto Rico or a state other than New York.

6.  Defendant KING OIL CORP., is a company organized and with its principal place of business in Puerto Rico or a state other than New York.

7.  Defendant NELSON SANTIAGO D/B/A KING OIL, is domiciled in Puerto Rico or a state other than New York.

8.  In the alternative, at the time of the accident, Nelson Santiago was doing business under the name of King Oil and as owner/operator was insured by AIICO.

9.  Defendants XYZ INSURANCE COMPANIES, are insurance companies presently unknown who are believed to provide named and unnamed defendants with liability insurance during the applicable time period.

## GENERAL ALLEGATIONS

10. Plaintiff CARMELO GUZMAN DIAZ is sixty years old and a retiree of the United States Army.

11. Carmelo was in Puerto Rico on his yearly visit for the funeral masses of his mother.

12. On April 18, 2006, Carmelo was riding in the front seat with his seat belt attached as a passenger in his sister's Lillian Guzman's 2002 Toyota RAV-4 when the accident occurred.

Page 2 of 12

13.   At approximately 12:15 pm, Carmelo was on the Vega Baja Expressway, known as Highway #22, KM 32.8, on his way to Manati when the vehicle he was riding in, the aforementioned Toyota RAV-4, had to stop due to heavy traffic.

14.   At that point, a Mack truck tanker driven by Rosmey Ríos Olsson, failed to stop and plowed into other automobiles, including the Toyota RAV-4 from behind.

15.   The tanker truck impacted the Toyota RAV-4 so severely that it caused a 13 vehicle pile-up on the expressway.

16.   The vehicle Carmelo was riding in was totally demolished as it was "sandwiched in" by the Mack truck tanker which pushed it up against the stopped vehicles ahead of it.

17.   Carmelo was pinned inside the RAV-4 for over an hour while hydraulic cutters and emergency crew worked to extricate him from the remnants of the vehicle.

18.   Carmelo was conscious of the fact he was severely injured; he was in tremendous physical and emotional pain; he believed he was going to die trapped in the vehicle.

19.   Carmelo was pried out of the vehicle before his sister, Lillian, who was left behind, causing him great concern for her health and well being.

20.   It took over an hour and a half before Carmelo's sister, Lillian, was pried out of her vehicle with steel cutters.

21.   Carmelo sustained severe and life threatening injuries which required him to be evacuated to the Puerto Rico Medical Center in Río Piedras in an air ambulance.

22.   At the time of the accident, King Oil Corp. was the registered owner with the Puerto Rico Department of Transportation and Public Works of the Mack Truck with license plate number RP9379, the one that impacted Plaintiff and his sister.

23.   In the alternative, at the time of the accident, Nelson Santiago d/b/a King Oil was the registered owner with the Puerto Rico Department of Transportation and Public Works of a Mack Truck with license plate number RP9379, the one that impacted Plaintiff and his sister.

24.   King Oil Corp. and/ or Nelson Santiago d/b/a King Oil operated the Mack truck tanker which caused the traffic accident.

25.   At the time of the accident, Rosmey Ríos Olsson was an employee or subcontractor of King Oil Corp and/or Nelson Santiago d/b/a King Oil.

26.   At the time of the accident, Rosmey Ríos Olsson had a driver's license, number 4561627.

27.   Rosmey Ríos Olsson was operating King Oil's Mack truck during the company's working hours.

28.   At the time of the accident, Rosmey Ríos Olsson was duly authorized by King Oil to drive and operate its vehicle.

29.   Upon information and belief, King Oil Corp. and/or Nelson Santiago d/b/a King Oil is insured by additional insurance to cover damages caused by the tanker truck.

## CLAIM AGAINST OWNER/OPERATOR OF MACK TRUCK

30.   The allegations contained in paragraphs 1 through 29 of this complaint are incorporated herein by reference as if again fully set forth.

31.   Under Puerto Rico law, the owner of a car (and, the insurer, if any) will be held liable for damages caused by accidents involving the car if the possession of the vehicle was authorized. *See* section 13-101 of the Puerto Rico Vehicle and Traffic Law, 9 P.R. Laws Ann. § 1751.

32.   Defendant King Oil Corp., was the registered owner with the Puerto Rico Department of Transportation and Public Works of the 1999 Mack Truck that caused the automobile accident.

33.   Defendant Nelson Santiago d/b/a King Oil was the registered owner with the Puerto Rico Department of Transportation and Public Works of the 1999 Mack Truck that caused the automobile accident.

34.   Defendants failed to properly maintain its Mack Truck tanker in working conditions, as required by law, thereby contributing to the occurrence of this accident.

35.   As a direct and proximate cause of the defendants' failure to properly maintain and operate the defendants' vehicle as reasonably, prudently, knowledgeably, skillfully, attentively, and safely as a reasonably prudent person would under similar circumstances, Plaintiff suffered the damages listed below, and Defendants are liable for said injuries.

## CLAIM OF RESPONDEAT SUPERIOR FOR DRIVER'S NEGLIGENCE

36.   The allegations contained in paragraphs 1 through 35 of this complaint are incorporated herein by reference as if again fully set forth.

37.   Under Puerto Rico law, Article 1803 of Puerto Rico Civil Code, 31  P.R. Laws Ann. § 5142, the employer/owner is responsible for the damages caused by its agents or employees while carrying out their duties.

38.   The driver of the Defendant's truck owed a duty of care to Plaintiff to operate the truck in a reasonable and prudent manner; thus avoiding the crushing automobile Plaintiff was riding in as a passenger.

39.   The driver of the Defendant's truck failed to operate the truck as a reasonably prudent person would under similar circumstances.

40. The driver of the Defendant's truck owed a duty of care to the Plaintiff to be familiar with all traffic rules and regulations, and to comply with their directions.

41. The driver of the Defendant's truck owed a duty of care to the Plaintiff not to drive in a manner which causes injury to passengers in other automobiles.

42. The driver of the Defendant's truck owed a duty of care to the Plaintiff to maintain a safe distance between himself and other automobiles.

43. The driver of the Defendant's truck owed a duty of care to the Plaintiff to recognize potentially dangerous driving situations and avoid them.

44. The driver of the Defendant's truck owed a duty of care to the Plaintiff to avoid colliding into Plaintiff's vehicle and crushing him with his truck.

45. At all times herein pertinent, the driver of the Defendant's truck was negligent and breached his duty to the Plaintiff in failing to drive in an attentive manner, in failing to drive at a safe distance, in failing to recognize the peril being created, in failing to stop and provide assistance, in failing to operate the truck in a reasonable and prudent manner, and otherwise failing to exercise due care to prevent the tortious conduct and injuries to Plaintiff.

46. Defendants failed to properly select, train, supervise the driver of this tanker truck thereby breaching its duty to plaintiff.

47. As a direct and proximate cause of the driver's failure to operate the defendants' vehicle as reasonably, prudently, knowledgeably, skillfully, attentively, and safely as a reasonably prudent person would under similar circumstances, Plaintiff suffered the damages listed below, and Defendants are liable for said injuries.

## CAUSE OF ACTION AGAINST DEFENDANTS KING OIL CORP. AND/OR NELSON SANTIAGO D/B/A KING OIL

48. The factual allegations contained in paragraphs 1 through 47 of this complaint are incorporated herein by reference as if again fully set forth.

49. Defendants King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil, through their acts or omissions, caused damage to Plaintiff through fault or negligence in violation of 31 P.R. Laws Ann. §5141.

50. Defendants King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil had a duty to provide careful and prudent drivers.

51. Defendants King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil had or should have had knowledge that the Mack Truck was being driven negligently by Rosmey Ríos Olsson under the traffic conditions on the expressway on April 18, 2006.

52. Defendants King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil failed to take reasonable steps to ensure the safety of the other vehicles and their occupants while Ríos Olsson was driving the Mack Truck.

53. Defendants King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil through the negligent acts or omissions of their employees, subcontractors, or assignees, breached its duty of care to safely drive the Mack Truck and avoid the rear end collision which caused Plaintiff all the ensuing damages.

54. As a direct result of the negligent acts or omissions of Defendants King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil, Plaintiff CARMELO GUZMAN DIAZ suffered physical, mental, emotional, and economic damages.

## CAUSE OF ACTION AGAINST DEFENDANTS AMERICAN INTERNATIONAL INSURANCE COMPANY (AIICO)

55.    The factual allegations contained in paragraphs 1 through 54 of this complaint are incorporated herein by reference as if again fully set forth.

56.    Defendant American International Insurance Company (AIICO) is directly liable for the fault or negligence of their insured, believed to be King Oil Corp. and/or Nelson Santiago d/b/a/ King Oil, pursuant to 26 P.R. Laws Ann. § 2001.

57.    Pursuant to 26 P.R. Laws Ann. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

58.    As a result of defendants acts and omissions, AIICO is responsible for the defendants' liability and the damages caused by them.

## CAUSE OF ACTION AGAINST ABC JOINT TORTFEASORS

59.    The factual allegations contained in paragraphs 1 through 58 of this complaint are incorporated herein by reference as if again fully set forth.

60.    Defendant ABC Joint Tortfeasors, through their acts or omissions, caused damages to Plaintiff through fault or negligence in violation of 31 P.R. Laws Ann. § 5141.

## CAUSE OF ACTION AGAINST XYZ INSURANCE COMPANIES

61.    The factual allegations contained in paragraphs 1 through 60 of this complaint are incorporated herein by reference as if again fully set forth.

62.    The insurance companies of any named or unnamed defendants, the XYZ Insurance Companies, are directly liable for the fault or negligence of the insured pursuant to 26 P.R. Laws Ann. § 2001.

63.     Pursuant to 26 P.R. Laws Ann.§ 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

## DAMAGES

64.     The allegations contained in paragraphs 1 through 63 of this complaint are incorporated herein by reference as if again fully set forth.

65.     Plaintiff Carmelo Guzmán suffered multiple body trauma, including a crushing fracture to his pelvis, internal bleeding and a perforated bladder requiring intensive care treatment and subsequent weeks of hospitalization at the Puerto Rico Medical Center in Rio Piedras.

66.     Once discharged from the Medical Center, Mr. Guzmán was unable to care for himself and was transferred to a rehabilitation center in Carolina, Puerto Rico.

67.     For over two months, Mr. Guzmán was bedridden and had a catheter attached to allow the extraction of urine.

68.     As a result of the injuries received, Mr. Guzmán, a previously very active and self-sufficient person, has suffered due to his immobility and total change of lifestyle.

69.     As a result of the injuries, despite the medical treatment, Mr. Guzmán still walks with great difficulty and limps.

70.     As a result of the accident and injuries sustained therefrom, Mr. Guzmán has had to undergo painful recuperation and physical therapy. He will continue to undergo physical therapy for months and potentially years as a result of the injuries sustained by the vehicular accident.

71.     As a result of the injury on April 18, 2006, Mr. Guzmán has had to suffer much pain and still cannot sit for long periods of time and is unable to ambulate as he did before the accident.

72. Currently, Mr. Guzmán is unable to carry out many activities that he used to partake in before the accident.

73. As a direct and proximate result of the Defendant's negligent, careless, and reckless acts, Plaintiff sustained physical and emotional damages and destruction of his physical and emotional health and is entitled to recovery.

74. As a direct and proximate result of the driver's negligence, Plaintiff feared for his life as he was being crushed and pinned in by the Defendants' truck.

75. He additionally feared for his sister's life, as he was extricated from the car before she was, causing him great concern for her health and well being.

76. As a direct and proximate result of the defendants negligence, Plaintiff suffered emotional distress from being trapped into the crushed vehicle while in agony while waiting for help to extricate him from therein.

77. As a direct and proximate result of the driver's negligence, Plaintiff suffered blunt abdominal and pelvic trauma.

78. As a direct and proximate result of the driver's negligence, Plaintiff suffered hematoma and bruises throughout his body.

79. As a direct and proximate result of the driver's negligence, Plaintiff suffered internal bleeding.

80. As a direct and proximate result of the driver's negligence, Plaintiff suffered from hematuria (blood filled urine).

81. As a direct and proximate result of the driver's negligence, Plaintiff suffered pain throughout his body.

82. Such negligent, intentional acts and/or omissions demonstrate a total disregard for safety of life and limb by Defendants, for which they are liable to Plaintiff for damages resulting therefrom.

81. As a result of the accident, Plaintiff still suffers from chronic and persistent pelvic and lumbosacral pain.

82. Plaintiff's quality of life has been greatly affected due to the injuries received from the accident.

83. As a direct consequence of the accident, Plaintiff Carmelo Guzmán, has suffered physical damages to his pelvis, back, neck which can be estimated in the amount of no less than ONE AND A HALF MILLION DOLLARS($1,500,000.00).

84. As a direct consequence of the accident, Plantiff Carmelo Guzmán has suffered and will continue to suffer physical pain which can be estimated in the amount of no less than ONE MILLION DOLLARS ($1,000,000.00)

85. As a direct consequence of the accident, Plaintiff Carmelo Guzmán, has suffered emotional damages which can be estimated at no less than TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

86. Plaintiff' future special damages, related to but not limited to future rehabilitation, hospitalization, treatment, medication, repayment, have a reasonable value of not less than TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### TRIAL BY JURY DEMANDED

87. Plaintiff demand a trial by jury.

**WHEREFORE**, Plaintiff respectfully demand judgment against Defendants, jointly and severally, in the amount of no less than THREE MILLION DOLLARS ($3,000,000.00), plus an

award for punitive damages allowed by law in an amount deemed necessary and just by this

Honorable Court, as well as costs incurred, reasonable attorneys' fees, and such other relief as this

Honorable Court may deem just and proper under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 2nd day of August, 2006.

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912
Tel: (787) 641-4545; Fax: (787) 641-4544

BY:

**JEFFREY M. WILLIAMS**
**USDC PR Bar No. 202414**
jeffrey.williams@indianowilliams.com